Our first case this morning is Jackie Keene v. Secretary of Veterans Affairs, 2023-2407. Mr. Strong. Good morning, Your Honors. May it please the Court, I'm Thomas Strong with Veterans Legal Advocacy Group for Jackie Keene. This case concerns three errors, two by the VA and one by the Veterans Court that prejudiced Mr. Keene. First, the VA failed to notify Mr. Keene that checking direct board review would abandon conclusive evidence of a current disability he'd submitted a month earlier. Second, the VA failed to clarify his intended docket, even though his NOD was ambiguous and direct review conflicted with his submission of evidence. Third, sensing unfairness, the Veterans Court raised the duty to clarify under Edwards spontaneously, but the Veterans Court erred by finding Mr. Keene's intended docket unambiguous, even though the board failed to make a finding about his intent de novo. Despite these errors, the Secretary says that Mr. Keene waived his right to argue notice ambiguity, even though two cases that raised the issues, Edwards and Cook, were decided after Mr. Keene briefed his case at the Veterans Court. Well, he opted for direct review, right? Which meant no further evidence. So he opted for an advantageous procedure, and now he's saying, I don't like the consequences. So, on the form, he did check the box that said direct review. But 20.202F, which the Secretary is empowered to create under USC 7107, which Congress gives the VA the right to allow him to change lanes, allows him to change lanes if his intent is unclear. And in cases where, like Edwards, Edwards holds that you can use extraneous evidence to make a finding about intent beyond just what was on the form, that is evidence of intent that cuts against Mr. Keene, but his submission of evidence before him. Did he argue that there was an ambiguity in the lower court? In the lower court, he did not. Well, isn't that forfeited? I don't think so, because under 4C, he's allowed to bring, because Edwards was decided after, Edwards held that he was able to use extraneous evidence, evidence that was submitted earlier, to show intent. And because it was decided after he briefed the case at the Veterans Court, 4C allows for an intervening change in law. It allows him to raise those arguments here. It did appear that in his reply brief to the Veterans Court, he made a version of an Edwards-type argument in the sense that he argued that there was a conflict between his submission of evidence and then subsequently filing a NOD form requesting direct review. So in that way, there's a conflict between some submitted evidence and the NOD form, which was like Edwards, right?  But the distinction here is Edwards did it at the same time. The evidence was attached to the NOD form. So with one submission, it was inherently contradictory in seeking direct review while at the very same time submitting new evidence. Here, the evidence was submitted several months before the NOD form was filed. Is that right? Several months before the, yes. And that raised the confusion. But the problem there, I think, for your side is that the NOD form alone is just simply asking for direct review. And if we were to agree with you that this, that his earlier submission of evidence in a separate filing created some kind of duty to clarify on the VA, you're asking for a rule where every time there's a NOD form filed seeking direct review, the board would be obligated to go looking around through the claimant's file to see if he had submitted any evidence previously. And I don't think that's what 20.202F is going for when it puts the obligation to clarify on the VA. So two things. One, whenever the VA raises a preclusionary bar, sui sponte, the Supreme Court has said that the adjudicator needs to be extremely careful when you raise a preclusionary bar. So I think that that is important. I don't think, I think that this kind of carries, this kind of has an interplay with our  If the NOD has really good notice on the form, there's not going to be a lot of situations where the VA has to do clarification. You could say that an ounce of notice is worth pounds of clarification later. Had the NOD been clear that it was retroactive when Mr. King signed up for direct review in that description, if the VA had been clear, there's not really a need to clarify because he wouldn't have selected direct review because his actions would have been consistent with his filing this conclusive evidence. Your argument sounds kind of like hindsight. You're looking back as to what the events that occurred and given interpretation to them. But did your client choose a particular ramp and there's no ambiguity as to what happens if you choose that ramp, that option? So he checked the box. Most certainly he did. But it's not the 20.202. And the box gives explicit instruction. What happens if you check this box? It's a warning. But under 20.202F, what it says is that it's not about his selection on the form. It's about whether his intent is unclear. That's what the court is looking to. And because he submitted this extraneous evidence, we're arguing that the court should interpret Edwards to allow the consideration of that. Was my earlier comment correct that every time that a veteran files a NOD form selecting direct review, your rule would require the VA to go looking through the file to see if there's any possible earlier submissions that would conflict with the selection of a direct review? I don't know how the VA carries out its processes. I don't know if they're – Well, that's what you're asking or demanding that the board have did here. Oh, you know, Mr. Keene selected direct review. Well, I'm not so sure. Just because he selected it, it's possible that there might be something in the file that suggests otherwise. I need to go look now to see what he has filed, if anything, before the filing of this NOD. Oh, now I see that six months prior, he did, in fact, file some evidence. So maybe now there's a conflict between whether or not he really does want direct review. That seems like the chain of steps that you are insisting that the board go through every time a NOD form that selects direct review has been filed. So I actually don't think that that would be the case because the VA, when he filed that evidence, it immediately responded to that evidence by filing a form sending him notice. So it's already doing that. So it sent him a notice immediately following that evidence. It sent him a notice telling him that he would do it. Right, but there was nothing attached to the NOD signaling to the board that there was some evidence that had previously been filed or submitted. And that gets to notice, whether the NOD with the evidence, whether that provides good notice to him. But I think that the VA was on notice, and I think that we know that because it responded with a form. As soon as he filed that evidence, it responded to him with a form saying, hey, you need to file your NOD in order for us to continue on with this case. And so then he filed his NOD, and that NOD was inconsistent with his submission of evidence. So his intent was unclear. So under 20.202F, the board should have made a finding about his unclear intent in the first instance. And then the court could have weighed the evidence. It could have found whether that evidence, whether the board did it right. But instead, the board did not make that finding. And because it did not make that finding, the board de novo, or excuse me, the Veterans Court made that finding de novo. And that exceeded its jurisdiction. And this court has an unwaivable independent obligation to assess whether the Veterans Court had jurisdiction in this case. And our argument is that it did not. Are you arguing that under 38 CFR Section 20.202F that your client was entitled to unclear notice, a notice of uncertainty? Exactly. That is exactly. We're arguing that under 20.202F. Do you have any citation to any cases that would say that that's a reversible error? Well, yeah, I could. I have at least one citation where the board, once this happens, the board, I look through all the cases at the board that cite Edwards. And so those cases, I mean, there's a lot of them. And they all show that this was either raised by the board or this intent finding was raised by the board. And then consistent with USC 7107 and the authority to allow the veteran to change lanes that Congress gave the VA, is that it's allowing veterans to make a change and saying, OK, you submitted this evidence. Your intent was unclear. We're not going to make you wait five years and then go all the way back to the end of the line, which defeats the purpose of the AMA. It's supposed to be speedy, but if there's not clear notice and you have to go all the way to the back of the line or you have to appeal all the way up to the federal service. The VA sent Mr. Keene a letter after Mr. Keene submitted the nod, right? And the letter from the VA pretty explicitly stated, you selected direct review. You cannot submit evidence to the board. OK, so there was a nod. And then immediately after the nod, the VA sent a letter to Mr. Keene. And in that letter, it said to Mr. Keene, based on your selection, we understand you to have elected to do direct review with the board. You cannot submit any evidence to the board. So that goes to notice. Yes, he did send that. And our distinction would be that, OK, that does not tell him that this evidence is going to be excluded retroactively. So he didn't have notice. And if you don't know what evidence is going to be considered by the board, you can't bargain. I thought it warned him exactly that. I'm sorry? I thought that notice was exactly a warning that you've taken an option to where you cannot submit any additional evidence and none will be considered. Right, and so the key point in this case is that whether evidence is excluded, whether notice was given, that evidence was going to be excluded from the date of the rating decision or is additional evidence from the date of the nod. And so that letter that Judge Chen is speaking to is it is consistent with the idea of no more additional evidence, but we still don't have a reference point about whether no additional evidence from the date that he filled out the NOD or from the rating. Counsel, you've used most of the amount of time you wanted to save for rebuttal. You can continue or save it. I'll save it. Thank you, Your Honor. Mr. Hawkins. May it please the Court. First, let's talk about what we were just talking about, which is this evolving argument about the time of the notice. And I think looking at four documents in the appendix sort of clarifies everything here. The first one, obviously, is 289. Appendix 289 is the date of the RO decision that was issued in this case. That's February 2020. Attached to that RO decision, that appendix 297, are the instructions for the claimant, should he be dissatisfied with the decision that he was provided. In those instructions, as the Court can look at the bottom half of that page, it identifies the various review options, supplemental claim, higher-level review, appeal to the Board, and for various special claims, district courts, which don't apply here. And under the appeal to the Board, under the second paragraph, it explains when you request a hearing with a veterans law judge or the opportunity to submit evidence, that's an option. You may also choose for the Board to review your claim without any additional evidence or a hearing, which may result in a faster decision. And on the next page, it refers to the form that you need to go out and get. This is the form that is the NOD that was submitted. That is at Appendix 102. And at Appendix 102, we see at Box 11, there are three choices. Just as described, at the time he received the RO decision, a year earlier, direct review, evidence with a hearing, and evidence without a hearing, and evidence with a hearing. So the question in this case for the Board when it got this NOD was, what does he want? Which lane does he want? And the Board actually follows up as was just noted, I think by Judge Chen, on Appendix 99 with the confirmation of receipt of the NOD, in which the Board identifies that he chose the direct review docket. So there can be no question on this record that Mr. Keene was apprised at the time of his RO decision of the various review options that he had, including direct review, evidence with a hearing, and just evidence. So with respect to the option that he did choose, with respect to the option that he chose, was he entitled to a notice warning him that on the evidence of what may be considered, what may not be? Well, I think that 99, Appendix 99 probably qualifies for that. I'm not sure there's a requirement. The requirement, as the Veterans Court found when confronted with the argument that was presented before it, which was the Board erred by not looking at certain evidence, what was the duty on the Board with respect to this NOD? And that's where this 20.202F provision comes in, because there is a duty on the Board to the extent the Board, not the Veteran, but the Board is confused by the submission. The Board should seek clarification. That's the duty that's imposed on the Board. What is it about this case that takes him out of that, the possibility of receiving a notice? What takes him out of that, what doesn't, I would frame it slightly differently, what doesn't trigger that? Excuse me. This is a requirement in the statute, right? I think it's, no, I think this is, it follows from the statute. It's a CFR that has a providence in the statute. Well, so the statute talks about the various review lanes, and it divides them up into direct review, no evidence. It's like if you think about a supermarket. Okay, does the statute speak to a Veteran receiving a notice? No, I don't think the statute does it. That the evidence may be in jeopardy based on the ramp or the option they choose. I don't think the statute goes as far as addressing, like, 20.202F. I think the VA creates that regulation as a way to make sure that the right lane is picked. Okay. Does a regulation, is a regulation based on the statute? Well, I think it flows from the idea that you now have this decision to make about which lane you want. So that's, you know, that's the basis of it. But Congress, I don't think, dealt with it. Setting the statute aside, does the regulation require that notice? Only if it's triggered. Only what? If it's triggered by the plain language of the regulation. The plain language of the regulation requires a finding by the board of confusion. And the question in this case is, did the board, was the board confused? Now, the presumption is that the board is not confused because it handled the case as a direct review lane case. So that actually goes to the question about fact-finding in the first instance. There's no fact-finding by the Veterans Court in the first instance here. The board's already made a fact-finding that this NOD is not vague because it found that there was no need to trigger 20.202F. Now, counsel argues there should be some sort of affirmative declaration in the board decision to that effect. But I don't think there's any requirement by statute or regulation for the board to, you know, metaphorically check a box about whether, you know, the form was unclear. But the regulation does impose a duty on the board to the extent the board finds it to be unclear to seek clarification. And that would be an issue that someone could take. It's a conditional obligation, right? The regulation begins with if. If. If the board cannot identify which option the claimant has selected for board review, then the board will contact the claimant and ask the claimant to clarify. And the presumption would be if the board reviews the NOD, the case as a direct review case, which was identified on the NOD, the board wasn't confused. Now, that's an issue you could take to the Veterans Court, as they did in Edwards. Right. But Mr. Strong says there was confusion here because here Mr. Keene did submit evidence before filing the NOD. And so, therefore, the VA, the board had on its hands two separate filings, one with evidence, one saying I don't want to consider evidence. So therein lies the confusion. Yes, but here the determination about whether the NOD identifies one lane or the other is based on the NOD. And this NOD only selects the direct review option. The Veterans Court notes a decision in Edwards in which there was confusion, where the person submitted direct review and then also submitted evidence. That on its face would suggest perhaps some confusion. Edwards is a Veterans Court. Correct. Does the government agree that Edwards was correctly decided? We didn't appeal Edwards. I have no reason to doubt Edwards as being an error. It was a finding that based on the four corners of that NOD, there was some confusion, and it was an example of where the board probably should have asked for clarification. Here, as the Veterans Court found, there is no confusion on the four corners of this NOD. And so the Veterans Court in this case did not order the board to seek clarification. So we're not dealing with Edwards here? Yes. No, Edwards is a different fact pattern, as we know, so that in the Veterans Court's mind triggered the obligation under the regulation. Here, there was no obligation. And to your point, Judge Chen, about the question was raised earlier, I think, when you articulated the various steps one would go through upon receipt of an NOD to determine whether there was evidence added to the record prior to the NOD, prior to or within the 90-day period after, which is what Congress required in the AMA. And when I heard that question and all those steps, what was being described was the duty to assist, which, as the court knows, was also adjusted by the AMA in 5103 A subsection E, in which it does not apply to the board. So that's where we are, is even to the extent someone identifies something, and we'll talk about this later, obviously, but to the extent someone identifies something, in order to resolve that, the board would have to go look for it. That is quintessential duty to assist. Mr. King makes a second argument to us that the NOD form itself lacks clarity. I don't recall that being made below, but, again, that's why I started with the process here, because the presumption that undergirds this question is I could have added more evidence, and because I filed an NOD a year after I got my RO decision and I did submit some evidence, I wasn't aware that maybe that didn't count. Well, that was told to him the day he got the RO decision. That's what we talked about with Appendix 297. The VA explains to him on that very day, so there is no temporal gap here. I assume for the moment that I agree with you that this particular ambiguity argument was not presented below. Is the VA nevertheless considering revising its non-form, Form 101-82, to improve the clarity of it? I can't answer that question directly, although I understand that this is an old 2019 version, and there is now a 2024 version, which I unfortunately don't have with me, so it may have already done that. But I would say in a more general way, though, the question that is raised is the one that was addressed by Congress in 7113, which defines what the record is before the Board. My point is I think agencies know there's always room for improvement. Right. Are there any other questions? Thank you, Counsel. We will see you later. Mr. Strong, you have some rebuttal time, about two minutes. Thank you, Your Honor. So just to one point about the notices. So Judge Jaquith and his concurrence in Cook at 192 go through the forms that are sent out when veterans get a decision, and the notices that are related to the NODs. And he says about the NOD, he says, the form said nothing to warn the veteran that the evidence had already submitted would not be considered. The form's omissions suggest to veterans that evidence they previously submitted will be considered. And so he goes through not just the NOD, but he goes through a series of forms that might benefit the court to look at when it's considering this case. Another thing for the court is the statute that is implemented by 20.202F is Section 7107 of Title 38, and it says policy on changing dockets. The secretary shall develop and implement a policy allowing an appellant to move the appellant's case from one docket to another. And what the Congress is anticipating here is situations like this where you have a veteran who's unrepresented. At the time, he was battling cancer, and he's confused. And so Congress wanted the secretary to, in order to keep the system friendly and non-adversarial, user-friendly, it empowered the secretary to create this regulation. Those are, I think, our key responses. And just one final point is that Cook was also, that the Veterans Court relied on, that created this period post-rating and pre-NOD, was also decided after he briefed his case at the Veterans Court. So Edwards and Cook were both decided after, so he didn't have the chance to have party presentation. With that, my time is out. Thank you so much. Thank you, counsel. I give you both counsel, the case is submitted.